ERVIN, Justice.
Laurina Rose Milne, the Petitioner herein and claimant below, while in the course of her employment as a waitress tripped over a customer’s suitcase and suffered an injury to her low back and right hip. The accident occurred in April, 1961. The Respondent provided medical treatment while the Petitioner continued to work in various restaurants as a waitress, although her duties were limited to lighter work than before. The Petitioner again received medical care about five or six months after the accident, including an X-ray which revealed an arthritic condition in the low back and right hip of which she was previously unaware. Because of increasing pain and motion restrictions, Petitioner stopped working in September, 1962 and has not worked since.
Petitioner then made claim for medical treatment and past and future compensation. Pursuant to hearing, the Deputy Commissioner found the claimant to be permanently and totally disabled but reduced the benefits by 50 per cent because of the existence of the pre-existing arthritic condition. Specifically, the Deputy found from the evidence, including medical evidence received from Doctors Thompson, Farring-ton, Lonergan and Robert, that:
1. Claimant’s wages and tips averaged $50 per week, plus meals valued at $12 per week, for an average weekly wage of $62 per week.
2. Prior to the accident, claimant suffered no pain or restriction in the areas affected by the fall and there was no loss of function or disability prior to the accident because of the undiagnosed arthritic condition.
3. Claimant has been totally disabled since September 25, 1962 and is now “permanently and totally disabled.”
4. Despite the undiagnosed feature of the arthritis, and despite the fact that the entire loss of wage earning capacity is attributable to the aggravation of the preexisting arthritis, rather than the arthritis itself, F.S. 440.02(19), F.S.A., compels apportionment and thus the benefits for permanent and total disability should be apportioned equally between the arthritis and the aggravation.
5. Maximum medical recovery was reached on September 25, 1962 but still requires medical treatment, which treatment subsequent to September 25, 1962 is qnly one half the employer’s responsibility. Treatment prior to September 25, 1962 is entirely employer’s responsibility.
The Respondent sought review by the .Full Commission of the permanent and total findings and the Petitioner made a cross application for review of the apportionment determination.
*800 The Full Commission entered its order holding there was no competent and substantial evidence of permanent and total disability but made no disposition of the Petitioner’s cross application. The case was remanded to the Deputy to “re-evaluate claimant’s permanent disability which is less than total,” along with other matters not in issue in this petition. In her petition for certiorari the Petitioner argues that the finding of no competent and substantial evidence of total disability is error and that the Commission should have reversed the apportionment order.
After having heard oral argument and upon study of the record and the briefs, we conclude that there has been a deviation from the essential requirements of law in regard to the total disability issue. The Deputy, with first-hand observation of the Petitioner and having studied the testimony of both expert and lay witnesses, reached the conclusion that the Petitioner was totally disabled due to her industrial accident. Our consideration of this case indicates that the order of the deputy is supported by competent and substantial evidence and is in accord with logic and reason. As we announced in United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, it is the Deputy’s prerogative to determine questions of fact and his findings and conclusions may be set aside by the Commission only if there is no competent substantial evidence comporting with reason and logic in the record to support such findings. Here, it appears to us that the Commission attempts to ..substitute its determinations in lieu of those of the Deputy in making findings of fact and lias evaluated the weight of the evidence rather than the existence of competent and substantial evidence. As has been stated many times, this is not the purpose or the function of the Full Commission.
Although we feel that the Full Commission should have disposed of the Petitioner’s cross application, we find the failure to do so harmless error because the Deputy’s ruling on apportionment is supported by competent and substantial evidence.
Therefore, for the foregoing reasons the order of the Full Commission is quashed and the order of the Deputy Commissioner reinstated insofar as it determines that Petitioner has suffered permanent and total disability.
It is so ordered.
THORNAL, C. J., THOMAS, ROBERTS and O’CONNELL, JJ., and TROW-BRIDGE, Circuit Judge, concur.
CALDWELL, J., dissents.